[Cite as *McCloud v. Lorain Cty. Corr. Inst.*, 2026-Ohio-2231.]

STATE OF OHIO       )              IN THE COURT OF APPEALS
                       )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN    )

ANTONIO CHEETAH MCCLOUD

    Petitioner                      C.A. No.      26CA000102

    v.

WARDEN, LORAIN CORRECTIONAL        ORIGINAL ACTION IN
INSTITUTION                           HABEAS CORPUS

    Respondent

Dated:

_____

PER CURIAM.

{¶1}    Antonio Cheetah McCloud, an inmate in the Richland Correctional Institution, filed a petition for a writ of habeas corpus to order the warden of the Lorain Correctional Institution to release him from custody. Because R.C. 2725.03 provides that jurisdiction is proper only in the county in which the petitioner is incarcerated, this Court dismisses this case.

{¶2}    Section 3(B)(1), Article IV, of the Ohio Constitution grants appellate courts original jurisdiction over the writ of habeas corpus. This Court's jurisdiction, however, is limited by R.C. 2725.03. That section provides that if a person is incarcerated in a state correctional institution, only the courts or judges of "the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge."

{¶3}    Mr. McCloud is incarcerated in a state correctional institution in Richland County. Thus, pursuant to R.C. 2725.03, only the courts or judges of Richland County

have jurisdiction over his petition for a writ of habeas corpus. *State ex rel. Robinson v. Fender*, 2022-Ohio-3701, ¶ 5. When a petition is filed in the wrong county, dismissal is appropriate. *Id*. at ¶ 5-6; *Brown v. Hall*, 123 Ohio St.3d 381, 2009-Ohio-5592, ¶ 1. Pursuant to R.C. 2725.03, therefore, this Court lacks jurisdiction to consider the petition.

{¶4} Because jurisdiction does not lie in this Court to consider Mr. McCloud's petition, the case is dismissed. Costs taxed to Mr. McCloud.

{¶5} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

ANTONIO CHEETAH MCCLOUD, Pro se, Petitioner.

D. ANDREW WILSON, Ohio Attorney General, for Respondent.